UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | No. 2:14-CR-83 |
| ) | |
| RICKY ANTHONY LANIER and ) | |
| KATRINA RESHINA LANIER ) | |

MEMORANDUM OPINION AND ORDER

This matter is before the Court to consider the defendants' joint motion for recusal, filed on December 11, 2017, [Doc. 324]. The defendants argue that the undersigned should recuse himself from the upcoming *Remmer* hearing scheduled for January 11, 2018. The United States responded in opposition on December 14, 2017, [Doc. 328], and the defendants replied on December 18, 2017, [Doc. 329]. This matter is now ripe for review. For the reasons stated herein, the defendants' joint motion for recusal is **DENIED**.

I.     **FACTS**

On September 9, 2015, a grand jury charged defendants Ricky and Katrina Lanier with various fraud and conspiracy offenses in connection with their involvement in a scheme to fraudulently secure contracts reserved for certain disadvantaged individuals or service-disabled veterans. [Doc. 151]. The case went to trial before a jury on December 1, 2015, [Doc. 185]. On December 17, 2015, during jury deliberations, one of the jurors contacted Assistant District Attorney Teresa Nelson ("ADA Nelson"), indicating that there was a "problem" with the jury deliberations. [Doc. 212, pgs. 3-5]. ADA Nelson contacted the undersigned to inform the Court

that she received the phone call from Juror 11, and that she immediately told the juror that they could not discuss deliberations. [*Id.*]. ADA Nelson also advised the juror to contact the Judge or member of the Court with any problems or questions about the case. No juror alerted Court personnel to any issue with jury deliberations.

The jury returned a guilty verdict as to Ricky Lanier in Counts One, Eighteen, Nineteen, and Twenty of the Second Superseding Indictment, finding him guilty of wire fraud, conspiracy to commit wire fraud, and two counts of major fraud against the United States. [Doc. 199]. Katrina Lanier was found guilty by the jury of Counts One, Three, and Nineteen for wire fraud, conspiracy to commit wire fraud, and one count of major fraud against the United States. [*Id.*]. Following the announcement of the jury's verdict, defendants moved for a mistrial, which was denied, [Doc. 212, pgs. 16-18]. The defendants also filed a motion to interview jurors, [Doc. 214], and a motion for a new trial, [Doc. 223], both of which were denied by this Court prior to sentencing, [Docs. 216, 237].

Ricky Lanier was sentenced to 48 months of imprisonment followed by a three-year term of supervised release. [Doc. 275]. Katrina Lanier was sentenced to 30 months of imprisonment followed by a three-year term of supervised release. [Doc. 273]. The defendants timely appealed this Court's judgment. [Docs. 280, 281]. On September 7, 2017, the Sixth Circuit Court of Appeals vacated the defendants' convictions, remanding the case to this Court to conduct a *Remmer* hearing to "investigate possible external influence on the jury." *United States v. Lanier*, 870 F.3d 546, 551 (6th Cir. 2017) [Doc. 307, pg. 7]. This Court held status conferences on October 2, 2017 [Docs. 318, 319] and November 2, 2017 [Doc. 323], to discuss scheduling and logistics of the *Remmer* hearing, which is set for January 11, 2018.

II. **STANDARD OF REVIEW**

28 U.S.C. §§ 455(a) and (b)(1) reads as follows:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]

28 U.S.C. § 455 (a), (b)(1). The term "proceeding" is defined in § 455 (d)(1) as including "pretrial, trial, appellate review, or other stages of litigation[.]"

Section 455 is self-executing, requiring a judge to recuse himself if "a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990) (quoting *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990)). The standard, therefore is objective, and is not based on the subjective opinion of a party. *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988). The alleged prejudice or bias must stem from an extrajudicial source to be disqualifying. *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966) (originally applying the extrajudicial doctrine to recusal motions under 28 U.S.C. § 144); *Liteky v. United States*, 510 U.S. 540, 555 (1994) (applying the doctrine to § 455 (a) as well as (b)(1)); *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989). Further, the nature of the source of the alleged bias or prejudice is not always determinative:

> The fact that an opinion held by a judge derives from a source outside judicial proceedings is not a *necessary* condition for "bias or prejudice" recusal, since predispositions developed during the course of a trial will sometimes (albeit rarely) suffice. Nor is it a *sufficient* condition for "bias or prejudice" recusal, since *some* opinions acquired outside the context of judicial proceedings (for example, the judge's view of the law acquired in scholarly reading) will *not* suffice.

*Liteky*, 510 U.S. at 554 (emphasis in original). The test is whether the alleged prejudice or bias "stem[s] from an extrajudicial source and result[s] in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*,

3

384 U.S. 563, 583 (1966). The Court in *Liteky* echoed this sentiment, stating that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555.

28 U.SC. § 455(b)(1) also requires that a judge disqualify himself if he has personal knowledge of disputed evidentiary facts concerning the proceeding. The extrajudicial requirement of the "bias and prejudice" analysis applies to the source of the judge's "personal knowledge":

> [28 U.SC. § 455(b)(1)] only applies to knowledge which the judge obtained extrajudicially. *United States v. Page*, 828 F.2d 1476, 1481 (10th Cir. 1987); *see also Lac Cu Flambeau Band of Lake Superior Chippewa Indians v. Stop Treaty Abuse-Wisconsin, Inc.*, 991 F.2d 1249, 1255 (7th Cir. 1993) ("'Personal knowledge of evidentiary facts means 'extrajudicial.'"); *Omega Engineering, Inc. v. Omega, S.A.*, 432 F.3d 437, 447-48 (2d Cir. 2005) (It is well established that knowledge gained from a judge's discharge of his judicial function "is not a ground for disqualification under 28 U.S.C. § 455(b)(1)."); *United States v. Patrick*, 542 F.2d 381, 390 (7th Cir. 1976) ("[F]acts learned by a judge in his judicial capacity cannot be the bases for disqualification" under § 455(b)(1)); *United States v. Bailey*, 175 F.3d 966, 969 (11th Cir. 1999)). In other words, "[t]his rule is not meant to preclude participation of a judge who has obtained knowledge of the case through prior judicial proceedings." 46 AM. JUR. 2D Judges § 151, *Knowledge of disputed evidentiary facts*. "The phrase 'personal knowledge of disputed evidentiary facts' refers to knowledge extrajudicially obtained rather than knowledge obtained in a judge's official capacity" during judicial proceedings. *Id.*

*McGuire v. Warner*, 2009 WL 3586527 at *4 (E.D. Mich. Oct. 29, 2009). *See also United States v. Hartsel*, 199 F.3d 812, 820 (6th Cir. 1999) (applying the extrajudicial requirement to a petitioner's "personal knowledge" challenge under 28 U.S.C. § 455(b)(1)).

28 U.S.C. § 455(b)(5)(iv) requires that a judge recuse himself if he has knowledge that he is "likely to be a material witness in the proceeding." However, a judge is not required to recuse himself when other witnesses are available to provide the same testimony. *Arrowood Indem. Co. v. City of Warren, Mich.*, 54 F. Supp. 3d 723, 728 (E.D. Mich. 2014) ("It is well established that a

'judge is not a material witness where there are other available witnesses who can give the same testimony,'") (quoting *McGuire v. Warner*, 2009 WL 3756865 at *1 (E.D. Mich. Nov. 9, 2009)). Further, mere "'unsubstantiated speculation' about the possibility that the judge will be required to be a material witness concerning a disputed issue is not enough to require recusal" under § 455 (b)(5)(iv). *United States v. Fletcher*, 2013 WL 3728792 at *5 (M.D. Tenn. July 2, 2013) (citing *United States v. Salemme*, 164 F. Supp. 2d 86, 111 (D. Mass. 1998)).

### III. ANALYSIS

Defendants argue that, because ADA Nelson called the undersigned directly to report Juror 11's phone call, the undersigned judge has acquired personal knowledge of disputed evidentiary facts, and therefore may be necessary as a fact or impeachment witness in the upcoming *Remmer* hearing. These claims implicate 28 U.S.C. §§ 455(a) and (b)(1), and, separately, (b)(5)(iv). The defendants' arguments will be discussed in turn below.

#### A. The Undersigned's Personal Knowledge of Disputed Evidentiary Facts under 28 U.S.C. §§ 455(a) and (b)(1)

Recusal pursuant to 28 U.S.C. § 455(b)(1) requires both that (1) a judge have personal, extrajudicial knowledge of facts, and, (2) those facts are evidentiary in nature and disputed in the current proceeding. Defendants argue that ADA Nelson's phone call to the undersigned has resulted in his personal, extrajudicial knowledge of evidentiary facts currently in dispute.

##### *1. Personal Knowledge*

In support of their claim for recusal under 28 U.S.C. §§ 455(a) and (b)(1), defendants' motion states:

> Outside of ADA Nelson, Judge Greer, alone, has personal knowledge of the exact statements made during the only contact ADA Nelson has had with the Court to date. That extrajudicial knowledge could have a chilling effect on ADA Nelson's upcoming testimony. … Given Judge Greer's personal participation in the initial telephone call with ADA Nelson, in which she was apparently less than fully

5

> forthcoming with him, the Court has personal knowledge of a disputed factual issue that could lead a reasonable person to conclude that he is inherently less able to make an objective, impartial decision as to ADA Nelson's credibility.

[Doc. 324, pgs. 6-7]. Defendants' motion does not otherwise attempt to argue that the knowledge the undersigned gained from the phone call was personal or extrajudicial in nature other than labeling it as such.

Defendants misunderstand the meaning of "personal knowledge," as it has been defined and interpreted by the courts. 28 U.S.C. § 455(b)(1) requires that the source of a judge's bias, prejudice, or knowledge be extrajudicial. *See Liteky*, 510 U.S. at 555; *Grinnell Corp.*, 384 U.S. at 583. The term "extrajudicial" has been interpreted to mean arising from outside the scope of a judge's judicial activities, either within the proceeding at issue or related cases. *United States v. Jamieson*, 427 F.3d 394, 405 (6th Cir. 2005) ("[The defendant] makes no allegation that the district judge in this case had knowledge resulting from any *extrajudicial* activities or exposure; all information known by the judge came from his judicial involvement with related cases, not from any extrajudicial or personal sources."); *United States v. Hartsel*, 199 F.3d 812, 820-21 (6th Cir. 1999) (holding that a judge was not improperly influenced by his exposure to ex parte communication during a codefendant's hearing when "[a]ny information the judge learned … came from his judicial activities.").

The defendants believe that knowledge is extrajudicial if it arises outside of the formal proceedings in this case. In support of this, defendants rely on *Blackmon v. Eaton Corp.*, which states that the extrajudicial source doctrine "vaguely refers to facts the judge learns outside of court proceedings," 587 F. App'x 925, 933 (6th Cir. 2014) (citing *Liteky*, 510 U.S. at 553-55). However, *Blackmon* cites to the page in the *Liteky* opinion in which the Supreme Court held that opinions formed by a judge "on the basis of facts introduced or events occurring in the course of the current

6

proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. The definition of an extrajudicial source can thus include more than court proceedings themselves, but also the "facts introduced or events occurring in the course of" those proceedings. For instance, the Sixth Circuit Court of Appeals found that the district judge's discovery of a piece of paper from the jury room qualified as a "'fact[ ] introduced or event[ ] occurring in the course of the current proceedings,' … and accordingly [could not] serve as an extrajudicial factor weighing in favor of recusal." *Bell v. Johnson*, 404 F.3d 997, 1005-06 (6th Cir. 2005) (citing *Liteky*, 510 U.S. at 555). The discovery of the paper, while not during the proceedings themselves, was a clearly an event occurring the course of the proceedings, which was not extrajudicial.

In this case, the phone call from ADA Nelson to the undersigned was an event that occurred in the course of the proceedings, and any knowledge the undersigned gained from that conversation was the result of his judicial involvement in the case. The information the undersigned received from ADA Nelson did not arise from an extrajudicial source, and, therefore, cannot establish the "personal knowledge" requirement of 28 U.S.C. § 455(b)(1).

### 2. *Disputed Facts*

Defendants also claim that the undersigned has knowledge of disputed, evidentiary facts that will be at issue in the *Remmer* hearing. The facts that are in dispute, and those properly discussed in the upcoming hearing, relate to any possible external influence on the jury. The defendants state the nature of the disputed facts in their motion ("[t]he nature and substance of all conversations between Juror 11 and ADA Nelson are disputed factual issues for the *Remmer* hearing." [Doc. 324, pg. 7]), as well as their reply, ("[w]hat ADA Nelson told Juror 11 is a key

7

fact in the *Remmer* analysis, and one that is certainly in dispute." [Doc. 329, pg. 2 n.1]). The disputed evidentiary facts, therefore, relate to the phone call between Juror 11 and ADA Nelson and any other contact, but not ADA Nelson and the Court. After receiving the call, the Court reported ADA Nelson's statements to the attorneys on the trial record, [Doc. 212, pgs. 3-5]. The statements reported by the Court on that day have not been disputed, and encompass the entirety of the undersigned's knowledge regarding any influence on the jury.

Defendants seek to create a dispute by pointing to a difference in the Court's synopsis of the call, and Mr. Leonard's statement of what ADA Nelson told him. *Compare Trial Transcript*, (the Court reported that ADA Nelson advised Juror 11 to "call it to the Judge's attention … tell the court officer, tell the clerk, tell somebody") [Doc. 212, pgs. 3-4], *with Declaration of David Leonard*, (Mr. Leonard's affidavit reported that ADA Nelson told Juror 11 to "contact the Judge through the foreperson.") [Doc. 223-1 at ¶ 6]. The defendants argue that, because of this discrepancy, ADA Nelson's statements "differ in a potentially material way," [Doc. 324, pg.7], and would likely result in Juror 11 taking "a different approach in communicating the alleged 'problems' to the Court." [Doc. 329 pg. 2 n.1]. The Court is not convinced by this argument. The statements of ADA Nelson reported by the Court and Mr. Leonard do not differ in any material way, as ADA Nelson stated in both accounts that she instructed Juror 11 to contact the Judge. Even if this difference in wording was material and in dispute, the Court has no knowledge of any statements other than the one ADA Nelson made on the phone to the undersigned, and certainly not personal knowledge, that warrants recusal.

The defendants argue that the undersigned's personal knowledge of disputed facts would lead a reasonable, objective person to question his impartiality in the *Remmer* hearing. [Doc. 324, pg. 9]. However, as discussed above, the undersigned has not received extrajudicial knowledge

8

regarding a disputed fact. The additional concerns regarding a chilling effect on ADA Nelson's testimony are speculative, and relate only to her statements to the Court, while the subject of the hearing relates to any influence on the jury. The Court concludes, then, that no reasonable question as to the impartiality the undersigned exists as to disqualify him from the *Remmer* hearing.

### B. Likelihood of the Undersigned as Material Witness under 28 U.S.C. § 455(b)(5)(iv)

While the defendants do not raise § 455(b)(5)(iv) in their motion, they do mention that the undersigned "could potentially become either a fact or impeachment witness concerning what ADA Nelson told him about her telephone conversation with Juror 11." [Doc. 324, pg. 8]. The defendants include the following footnote:

> Defendants acknowledge that these arguments are based on the possibility that ADA Nelson will either not remember everything that was said during her call with Juror 11 or her call with the Court, or remember them differently than what was relayed. Even the mere possibility, however, is enough to support recusal.

[Doc. 324, pg. 8 n.3]. This contention that even the possibility of ADA Nelson's memory failing her is enough to support recusal is a misstatement of the weight of authority on this point. Fellow district courts throughout the Sixth Circuit have held that the simple speculation to the possibility that the judge will be required to be a material witness is not enough to require recusal. *Fletcher*, 2013 WL 3728792 at *5 (citing *Salemme*, 164 F. Supp. 2d 111); *See also Washington v. Kelly*, 2009 WL 233711 at *4 (N.D. Ohio Jan. 30, 2009) (holding that a judge was not required to recuse himself when the petitioner offered "no support for his contention that [the presiding judge] knew he would have to testify as a material witness in the proceeding."). The Court finds this logic persuasive, particularly in a situation such as this, where neither party has expressed an intention to call the undersigned as a witness. At this time, the undersigned has no reason to believe that his testimony will be required in the upcoming *Remmer* hearing, and the speculation defendants

include in their joint motion is not sufficient to establish that the undersigned is "likely to be a material witness in the proceeding." 28 U.S.C. § 455 (b)(5)(iv).

Moreover, a material witness is indeed available to discuss the substance of the phone call between Juror 11 and ADA Nelson, and the subsequent call between ADA Nelson and the Court. ADA Nelson will be available at the *Remmer* hearing to testify to the contents of both phone calls, and she is the only one who can do so. In fact, the focus on the *Remmer* hearing is not the call in which ADA Nelson alerted the Court to Juror 11's contact, but any external influence on the jury that may have occurred during and in relation to the call between Juror 11 and ADA Nelson. Two witnesses will thus be present at the *Remmer* hearing to testify to the contents of that phone call. The Sixth Circuit, in its opinion, provided instructions for the Court to follow when conducting a *Remmer* hearing on remand: "During the hearing, attorneys for each side should have the opportunity to question Juror 11 and the rest of the jury to determine whether any external influence affected the jury's deliberations. Attorneys for each side should also have the opportunity to question Nelson about her conversations with Juror 11." *United States v. Lanier*, 870 F.3d 546, 551 (6th Cir. 2017) [Doc. 307]. While the phone call from ADA Nelson is how the Court learned of the impropriety, it is not the subject of the *Remmer* hearing.

The underlying facts are contained in the transcript of the trial, and encompass the entirety of the Court's knowledge. [Doc. 212, pgs. 3-5]. The Court does not possess any additional knowledge of the relevant facts that cannot be established by the testimony of the current material witnesses. *See Fletcher*, 2013 WL 3728792 at *5 (citing *United States v. Bronsan*, 2010 WL 4502289 at *3 (N.D. Cal. Nov. 2, 2010) (denying a motion to recuse when neither party advised that they intended to call the judge as a witness, nor that no other means to obtain the testimony

was available)). Because the undersigned is not "likely to be a material witness in the proceeding," recusal under 28 U.S.C. § 455 (b)(5)(iv) is not necessary.

## IV. CONCLUSION

For the reasons stated above, the defendants' joint motion for recusal, [Doc. 324], is **DENIED.**

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE